IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD MICHAEL KENYON, | : |
| Petitioner | : |
| v. | : Case No. 3:21-cv-162-KAP |
| GARY VITKO, ESQ., *et al.*, | : |
| Respondent | : |

### Memorandum Order

After reviewing the petition, ECF no. 4, pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the petition is dismissed without prejudice without need of service or response, and no certificate of appealability is issued. The motion to waive transcript costs at ECF no. 6 is denied as inapplicable to this case, and petitioner had already been granted *ifp* status at ECF no. 3.

As the attached seven-page summary of petitioner's past and pending criminal matters indicates, petitioner has several criminal charges pending trial in the Somerset County Court of Common Pleas, and he has also been prosecuted in Bedford County and Blair County. Recently, he has filed four civil matters in this court, two habeas petitions at <u>Kenyon v. Vought ( nominal respondent: Somerset County Courthouse)</u>, Case No. 3:21-cv-142-KAP and this case, <u>Kenyon v. Vitko</u>, Case No. 3:21-cv-162-KAP (filed on a civil complaint form), and two civil rights complaints, <u>Kenyon v. PA Department of Corrections</u>, Case No. 3:21-cv-168-KAP and <u>Kenyon v. Moffitt</u>, Case No. 3:21-cv-170-KAP. He has returned the consent form as to one of them, this case, and filed *in forma pauperis* motions in some cases that are copies of one filed in state court and that are in some cases redundant.

The petition in this case attacks the 13-26 month sentence imposed by the Honorable Tamara Bernstein of the Court of Common Pleas of Cambria County on August 31, 2021, after petitioner, represented by Gary Vitko, Esquire, pleaded guilty to charges of resisting arrest and simple assault. According to an exhibit attached to the petition, petitioner claims he had been smoking marijuana and meth for days at a motel with his wife, Bethany Kenyon, and the assault and resisting arrest charges arose from petitioner's attempt on July 16, 2020 to restrain her from hitting him, during which effort the police arrived. Petitioner complains that Attorney Vitko was ineffective for not getting petitioner's side of the story and he wants to "pull his plea."

According to another exhibit attached to the petition, petitioner discharged Vitko at the time of sentence and is proceeding *pro se* in state court. In yet another exhibit he

states that henceforth his new counsel is Erick Santos-Bey, a fellow inmate with his own history of litigation from the Somerset County Prison. Santos/ Santos-Bey appears to have seriously misled petitioner as to his ability to act as counsel.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996, allows a federal court to issue a writ of habeas corpus only after all available state remedies have been exhausted. 28 U.S.C. § 2254(b)(1). Exhaustion requires a person serving a state sentence to give the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The Pennsylvania Supreme Court has by administrative rule (Order No. 218) declared that claims are exhausted on direct and collateral appeals from the Courts of Common Pleas after the Pennsylvania Superior Court has finished review. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir.2004). Petitioner cannot possibly have exhausted any remedy in the state courts either on direct appeal or in a collateral attack on his guilty plea under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S.§ 9541 *et seq*.

Petitioner can file a habeas corpus petition in this court after he has exhausted his state court remedies by filing a petition under the PCRA in state court that raises his claim that Attorney Vitko was ineffective. Although petitioner is not entitled to appointment of counsel in this matter, state law does give him a right to appointed counsel in litigating a PCRA petition.

Because petitioner cannot yet make a "substantial showing of the denial of a constitutional right," 28 U.S.C.§ 2253(c)(3), no certificate of appealability is issued.

The Clerk can mark this matter closed.

DATE: October 4, 2021

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Todd Kenyon #20-0462
Somerset County Jail
127 East Fairview Street
Somerset, PA 15501